PONDER, Justice
(dissenting).
I cannot agree with the majority opinion for the reason that undue significance is given to Act No. 62 of 1912. This act merely provides that suits to annul patents must be brought within six years. There is nothing in the act to indicate any intention on the part of the legislature to modify or repeal the articles of our civil code declaring that an arm of the sea is insusceptible of ownership and I know of no rule of statutory construction which would give it that effect either by implication or otherwise. I believe a reasonable *751 construction of the statute would be that it only applies to property susceptible of ownership and that it has no application to property that cannot be owned. Furthermore, the act is a curative statute and cannot be given the effect of supplying title to the arm of the sea when the patent itself did not and could not convey any semblance of title to it. The arm of the sea is insusceptible of ownership and cannot be conveyed or owned. The effect given this act in the majority opinion is tantamount to the conveyance of the arm of the sea for the reason that the patent could not and did not convey any semblance of title to it.
I am aware that there is a conflict in the jurisprudence of this state but the better rule is pointed out in the dissenting opinion of Justice HAWTHORNE and it is supported by the preponderance of authority. In the case of Miami Corporation v. State, 186 La. 784, 173 So. 315, wherein the plaintiff had a valid title to land which subsequently became, by erosion, a part of a navigable body of water, this Court held that, irrespective of the valid title, the moment the land became a part of the navigable body of water that it was insusceptible of ownership. I am of the opinion that the ruling in that case was sound and in conformity with the basic law of our state and that the arm of the sea involved in the case now under consideration is insusceptible of ownership.
Since the effect to be given Act No. 62 of 1912 is a determining issue in this case I wish to emphasize that the patent, purporting to convey the arm of the sea when the law itself says that it cannot be owned,, conveyed nothing, not even the shadow of a title, and the necessity for its annulment is immaterial for the reason that Act No. 62 of 1912 cannot be used as a vehicle of conveyance to supply title when not even a color of title existed.
For the reasons assigned, I respectfully dissent.